O’Neall, J.
delivered the opinion of the Court.
Over all interlocutory, and administrative, orders of the Court of Law, each Judge, sitting in term time, possesses the same control as the Judge who granted them. It is, however, a courtesy which should always be exercised by a Judge, not to alter an order made by his predecessor, unless there is something so glaringly defective, or erroneous, in the order, as to make it indispensable to justice that it should be corrected. -But over all orders, which operate finally on the rights of parties litigant, a Judge can exercise no control. They are quasi judgments, and must be enforced. An order for security for costs by a given day, and if the requisition is not complied with, that the plaintiffs be nonsuited, is final after the expiration of the-time limited. Until then, it may be modified in any shape by any Judge. But if the order is not complied with, the defendant may sign judgment of nonsuit, and-after that, it is clear, that the case is out of Court, and no Judge possesses the power to restore it to its former status.
The case of Yancy v. Tallman, cited from 1 M’C. 474, decides nothing more, than that a Judge pray alter an interlocutory order. In the case of Furnan v. Harman, 2 M’C. 436, it will be seen, that the Court had already decided, that the security given was a compliance with the orderand the Judge in delivering the opinion, remarks, that' after a verdict for the plaintiff, the reason, why security for- costs is required, has ceased to exist, and that in such a state of things there is no necessity for a strict and literal compliance with the manner, in which security for costs should be given. Neither of these cases, it is obvious, can aid the plaintiffs. The case of Dis *608 mukes v. Dismukes, 1 M’C. 552, decides, that reasonable notice must be given to the plaintiff, before security for costs will be ordered. The rule of this case, applies to'cases where the application is made, and not to cases where the order has been made. After the order is made, it is a legal conclusion, that all prerequisites have been complied with.
If, after the order for security for costs, security had been given to the attorney, and he had neglected to file it, the Court might have ordered it to be filed nunc pro tunc; for this would have been a virtual compliance with the order. But in this case, the security for costs taken by the plaintiffs’ counsel, was before the order, and was his private indemnity forthe costsof a case,to which he might subject himself, by bringing a suit for a party residing out of the State. It was not regarded by the Court as a security for the costs ofthiscase, of which the defendant could avail himself, or the order would not have been made. The motion to reverse the circuit decision is granted.
Johnson, J. and Martin, J, sitting for Harper, J. concurred.-
Motion granted.